lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-4126-JAR |
| ) | |
| ELLIS COUNTY SHERIFF ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Marjorie A. Creamer, proceeding pro se and *in forma pauperis*, filed an original Complaint on October 23, 2008, citing unspecified Section 1983 claims against defendants Ellis County Sheriff Department, Hays Police Department, J. Burkholder, Angela McAllister, Dan Koerner and Clayton Hill.[1] On November 7, 2008, plaintiff filed various documents with a fax cover sheet that she designated, "Amended pleadings complaint,"[2] which appears to add a conspiracy claim against "Smith County Police" and the Ellis County defendants and attaches a copy of a Complaint filed in the United States District Court for the District of Colorado in 2007. On November 19, 2008, plaintiff filed a second Amended Complaint,[3] with a caption indicating that the case was now proceeding against defendants Chris Linneman, Karen Bortz and the Smith Center Police Department, and attaching pleadings from the District of Colorado case.

---

[1](Doc. 1.)

[2](Doc. 4.)

[3](Doc. 11.)

This matter is before the Court on the following motions: 1) Motion to Dismiss filed by Defendants Hays Police Department, Burkholder, McAllister, Keorner and Hill, or in the alternative for More definite statement (Doc. 12), indicating that the Complaint contains insufficient information for them to understand the claims against them; 2) Motion to Dismiss or in the alternative, for more definite statement (Doc. 21) filed by Ellis County Sheriff Department, indicating that the amended Complaint was "confusing and incoherent;" and (3) Motion to Dismiss or for More Definite Statement (Doc. 32) filed by Smith Center Police Department, Chris Linneman and Karen Bortz, concurring with the other defendants that plaintiff's complaints "are very difficult to decipher."

A more definite statement of a pleading is appropriate when the pleading to which the party is required to respond is "so vague or ambiguous that the party cannot reasonably prepare a response."[4]  A motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.[5] Additional details with respect to the claims should be elicited through the discovery process.[6] The decision whether to grant or deny such a motion lies within the sound discretion of the

---

[4] Fed. R. Civ. P. 12(e).  That rule provides:
> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion most be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

[5] *Householder v. The Cedars, Inc.*, No. 08-2463-KHV-GLR, 2008 WL 4974785, at *1 (D. Kan. Nov. 19, 2008) (citation omitted).

[6] *Id.* (citation omitted).

court.[7]  Due to the minimal pleading requirements of the Federal Rules, Rule 12(e) motions are generally disfavored by the courts and are properly granted only when a party is unable to determine the issues to which a response is required.[8]  Rule 12(e) is designed to strike at unintelligible pleadings rather than pleadings that lack detail.[9]

Defendants have also moved for dismissal of this action under Fed. R. Civ. P. 12(b)(6) for failure to allege grounds upon which relief may be granted.  A court may not dismiss a cause of action for failure to state a claim unless the plaintiff fails to allege sufficient facts to state a claim that is plausible—rather than merely conceivable—on its face.[10]  Complaints drafted by pro se litigants, however, are held to a less stringent standard than those drawn by legal counsel.[11]  Nevertheless, it is not the proper function of the courts to assume the role of advocate for a pro se litigant.[12]

Plaintiff's complaints fail to comply with the pleading requirements of Fed. R. Civ. P. 8(a), which requires a plaintiff to set forth a short and plain statement of the claim showing that she is entitled to relief.  Plaintiff's complaints set forth vague and conclusory allegations, none of which specify any facts to indicate how her rights were allegedly violated.  Plaintiff accuses defendants of engaging in a "cover up," a "conspiracy."  Plaintiff also appears to allege several

---

[7]*Id*. (citation omitted).

[8]*Id*. (citation omitted).

[9]*Ewing v. Direct Sec. Servs.*, No. 07-2299-CM-DJW, 2008 WL 906297, at *1 (D. Kan. Apr. 2, 2008) (citation omitted).

[10]*Allen v. Kline*, 507 F. Supp. 2d 1150, 1155 (D. Kan. 2007) (citing *Bell Atl. Corp. v. Twombly*, — U.S.—, 127 S. Ct. 1955, 1964-65 (2007)).

[11]*Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[12]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

state law and criminal claims. She vaguely refers to incidents in 2007 involving her motor vehicle being vandalized, towing her car and a hit and run accident. The attached lawsuit pleadings involve an incident in 2004. As the Hays defendants point out, however, plaintiff has had nearly forty encounters with the Hays Police Department within the last four years, any one of which could form the basis for her complaints. Simply put, it is not clear why plaintiff is suing the named defendants in this Court in this action.

Courts are hesitant to dismiss complaints of pro se plaintiffs on the basis of inartful pleading. Instead of granting defendants' motions to dismiss, the Court will allow plaintiff time to file a clear and concise amended complaint that sets forth the wrongdoings of each defendant and explains how this alleged wrongdoing violated plaintiff's rights.[13] Plaintiff is advised that she must do more than merely allege that her rights were violated or attach pleadings from prior lawsuits; she must indicate *how* each defendant violated her rights by providing factual allegations that are sufficiently specific to enable defendants to form answers to her complaint.

Plaintiff will have until **March 24, 2009**, in which to file a more definite statement of her complaint. The Court will defer ruling on defendants' motions to dismiss, without prejudice to renew or amend any motions to dismiss that may appear appropriate if and when plaintiff files her amended complaint. Plaintiff is advised that if she does not file an amended complaint, her lawsuit will most likely be dismissed. If she does file an amended complaint, if it appears that the charges brought against the defendants, or any of them individually, are not supported by the facts or law, the Court will impose such sanctions on plaintiff as appear appropriate and dismiss such claims. Of course, plaintiff is free to file an amended complaint against less than all of the

---

[13] Fed. R. Civ. P. 12(e).

4

original defendants.  If plaintiff has any doubts about her ability to prosecute this case, the Court advises her to seek competent counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motions to dismiss (Docs. 12, 21 and 32) are denied without prejudice.  Plaintiff is hereby ordered to file a more definite complaint that complies with this order by **March 24, 2009**.

IT IS SO ORDERED.

Dated:  February 26, 2009

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE