lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARJORIE A. CREAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-4126-JAR |
| | ) | |
| | ) | |
| ELLIS COUNTY SHERIFF | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Marjorie A. Creamer, proceeding pro se and *in forma pauperis*, filed an original Complaint on October 23, 2008, citing unspecified Section 1983 claims against defendants Ellis County Sheriff Department, Hays Police Department, J. Burkholder, Angela McAllister, Dan Koerner and Clayton Hill.[1]  On November 7, 2008, plaintiff filed various documents with a fax cover sheet that she designated "Amended pleadings complaint,"[2] which appears to add a conspiracy claim against "Smith County Police" and the Ellis County defendants and attaches a copy of a Complaint filed in the United States District Court for the District of Colorado in 2007. On November 19, 2008, plaintiff filed a second Amended Complaint,[3] with a caption indicating that the case was now proceeding against defendants Chris Linneman, Karen Bortz and the Smith Center Police Department, and attaching pleadings from the District of Colorado case.

---

[1](Doc. 1.)

[2](Doc. 4.)

[3](Doc. 11.)

Defendants moved to dismiss and in the alternative, for a more definite statement.[4]  While these motions were pending, plaintiff filed a Motion for Summary Judgment (Doc. 23), and defendants have responded.  The Court directed plaintiff to file a more definite statement of her complaint, and denied defendants' motions to dismiss without prejudice to refile once plaintiff filed an amended complaint.[5]

On March 11, 2009, plaintiff filed a "Continuation" of her original October 23, 2008 Complaint in an apparent attempt to comply with the Court's Order.[6]  This matter is now before the Court on the following motions: 1) Motion to Dismiss and Supplemental Motion to Dismiss filed by Defendants Hays Police Department, Burkholder, McAllister, Keorner and Hill (Docs. 51, 57); 2) Renewed Motion to Dismiss (Doc. 55) filed by Ellis County Sheriff Department; and (3) Renewed Motion to Dismiss (Doc. 52) filed by Smith Center Police Department, Chris Linneman and Karen Bortz.  Plaintiff has not filed a response to the defendants' motions and the time to do so has expired.[7]  For the reasons explained below, plaintiff's motion for summary judgment is denied and defendants' motions to dismiss are granted.

## I.    Plaintiff's Complaint

Plaintiff's "continuation" of her complaint again alleges that defendants violated her constitutional and statutory rights in connection with encounters with various law enforcement defendants.  Plaintiff alleges that she cannot comply with the Court's directive for a more

---

[4](Docs. 12, 21, 32.)

[5](Doc. 41.)

[6](Doc. 49.)

[7]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 23 days). Defendants filed their respective dismissal motions on March 31, April 13, April 15 and April 24, 2009.  Plaintiff did not file a response within the 23 day time period.

2

definite statement of her complaint against each defendant because she "needs the police records of 2007 - 2009 and the theft of 2003 etc. (before detailing) 2004 and 2007, Bortz." Plaintiff provides a chart outlining the alleged incidents and encounters with defendants, and again states that she needs the police records in order to elaborate on her allegations of constitutional and statutory violations. Plaintiff's allegations are summarized as follows:

- August 2003, Hays defendants, horse saddles stolen, police did not give me report to file small claims action

- May, July, October 2004, Smith Center/Linneman, coverup for possible rape

- February 2007, Smith Center/Bortz, hit and run, no violation given to driver, Smith County Police in conspiracy with Ellis County, called her paranoid

- July, October 2007, Haus/Hill/McCallister, unnecessary brutality in parking lot and in interrogation room; twisted left hand, bonded feet

- October 2007, Hays defendants, windshield shot out

- December 2007, Hays defendants, car vandalized, tried to tell Adam Hawley about vandals, but he and police arrested her at American Family Insurance property, fingerprinted, and sent home after ten hours, case dismissed

- April, May 2008, Hays defendants, vehicle accident with Burkholder wife, turned fraud claim in, police turned her in to MVD because she would not get out of car, threatened to break window and tow car, surrounded by

police cars, sheriff, etc.

- September 13, 2008, Hays defendants, arrested in Case no. 08-cr-341,
  Burkholder told her not to go back to dogs at Hays vet

- September 17, 2008, Hays defendants, beer can thrown in car, police
  threatened to handcuff her, Detective Bunder tormented her and bruised
  her with handcuffs

- September 19, 2008, jailed a total of twelve days, then sent to Larned
  State Hospital and on lockdown for months

Although the complaint is still far from clear, it appears, reading the pleading liberally in favor of plaintiff, that she claims that defendants violated her rights under 42 U.S.C. § 1983 and K.S.A. § 8-2106(g), and conspired to violate her rights under 18 U.S.C. §§ 241 and 371. Plaintiff also appears to assert state law claims against defendants for assault and battery and fraud.

## II.    Standards

### A.    Summary Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."[8] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[9]   A fact is "material" if, under the applicable

---

[8]Fed. R. Civ. P. 56(c).

[9]*Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002).

4

substantive law, it is "essential to the proper disposition of the claim."[10]  An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[11]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[12]  In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[13]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[14]  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[15]  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[16]  To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated

---

[10]*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998)).

[11]*Adler,* 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

[12]*Spaulding,* 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[13]*Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler,* 144 F.3d at 671).

[14]*Anderson*, 477 U.S. at 256; *Celotex,* 477 U.S. at 324; *Spaulding,* 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

[15]*Anderson,* 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.,* 256 F.3d 1013, 1017 (10th Cir. 2001).

[16]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler,* 144 F.3d at 671).

therein."[17]  Rule 56(e) provides that opposing affidavits must be made on personal knowledge

and shall set forth such facts as would be admissible in evidence.[18]  The non-moving party

cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by

specific facts, or speculation.[19]

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it

is an important procedure "designed to secure the just, speedy and inexpensive determination of

every action."[20]  In responding to a motion for summary judgment, "a party cannot rest on

ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the

mere hope that something will turn up at trial."[21]

## B.     Rule 12(b)(6)

Defendants move to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for

failure to state a claim upon which relief can be granted.  Defendant Ellis County Sheriff

Department filed its Motion to Dismiss after filing an answer in this case.[22]  Technically, it is

impermissible to file an answer and thereafter file a Rule 12(b)(6) motion to dismiss.[23]  However,

because Rule 12(h)(2) permits the court to consider "[a] defense of failure to state a claim upon

---

[17]*Adams*, 233 F.3d at 1246.

[18]Fed. R. Civ. P. 56(e).

[19]*Id.*; *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citation omitted).

[20]*Celotex,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[21]*Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

[22](Doc. 13.)

[23]*See* Fed. R. Civ. P. 12(b) (a motion asserting defense of failure to state a claim "shall be made before pleading if a further pleading is permitted"); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 300-01 (2d ed. 1990) ("[A] post-answer Rule 12(b)(6) motion is untimely.").

which relief can be granted" within a Rule 12(c) motion for judgment on the pleadings,[24] the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c).[25]  The distinction between the two motions is purely formal, because the court must review a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion.[26]

In light of the above, the Court will treat this defendant's post-answer Motion to Dismiss as if it had been styled a Rule 12(c) motion for judgment on the pleadings.

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[27]  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[28]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[29] As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.  Nor does

---

[24]Fed. R. Civ. P. 12(h).

[25]*Thomas v. Travnicek*, No. 00-3360-GTV, 2003 WL 22466194, at *1 (D. Kan. Aug. 15, 2003).

[26]*Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("[w]e review a dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal.") (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

[27]*Bell Atl. Corp v. Twombly*, — U.S. —, —, 127 S. Ct. 1955, 1965 (2007).

[28]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[29]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008).  "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[30]
Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged."[31]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as
true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the
plaintiff.[32]  These deferential rules, however, do not allow a court to assume that a plaintiff "can
prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that
have not been alleged."[33]  The facts narrated by the plaintiff must at least outline or adumbrate a
viable claim in order to "pass Rule 12(b)(6) muster."[34]  Dismissal is a harsh remedy to be used
cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[35]

Because the plaintiff is a *pro se* litigant, the court must construe her pleadings liberally
and apply a less stringent standard than that which is applicable to attorneys.[36]  However, the
court may not provide additional factual allegations "to round out a plaintiff's complaint or

---

[30]*Ashcroft v. Iqbal*, 2009 WL 1361536, at *12 (May 18, 2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[31]*Id.*

[32]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[33]*Associated Gen. Contractors of Cal., Inc.  v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[34]*Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

[35]*Id.*

[36]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

construct a legal theory on a plaintiff's behalf."[37]  The court need only accept as true the

plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[38]  Additionally, a

*pro se* litigant is not excused from complying with the rules of the court and is subject to the

consequences of noncompliance.[39]

### C.    Section 1983

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a

right, privilege, or immunity secured by federal law.[40]  The plaintiff must also provide facts to

establish the defendant's personal participation in the alleged deprivation of the plaintiff's

constitutional rights.[41]  Although a *pro se* litigant's pleadings are to be liberally construed, the

plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could

be based."[42]  "[C]onclusory allegations without supporting factual averments are insufficient to

state a claim on which relief can be based."[43]

## III.    Discussion

### A.    Summary Judgment

Plaintiff's motion, captioned "Judgment Summary For Civil Suit Judgment Asking For

---

[37]*Id.*

[38]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[39]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[40]*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Hill v. Ibarra*, 954 F.2d 1516, 1520 (10th Cir.1992).

[41]*Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir.1996).

[42]*Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996).

[43]*Hall*, 935 F.2d at 1110.

Damages," states in its entirety,

> As Sheriff Department et al., answer (sic) before Nov. 24, 2008,
> their attorney law firm submitted an entry of appearance, Dec. 4,
> 2008.  Whereas Ellis County Law Enforcement break (sic) the
> laws of Kansas and I (defendant) should be compensated as soon
> as possible.  I am not mental nor incompeted (sic) but disabled.[44]

The required procedures for summary judgment motions in the District of Kansas are set forth in D. Kan. Rule 56.1.  Under that rule, a memorandum in support of a summary judgment motion must contain a concise statement of uncontroverted material facts set forth in separately numbered paragraphs.[45]  The motion filed by plaintiff fails to comply with the requirements of Rule 56.1.  Plaintiff fails to state any uncontroverted facts, much less a concise statement in separately numbered paragraphs.   Accordingly, plaintiff's motion for summary judgment is denied.

### B.       Motions to Dismiss

The Court has considered whether the plaintiff's failure to respond to the motions to dismiss in a timely fashion should result in dismissal of the action.  In the event a party fails to respond, the local rules provide that the party has waived his right to file a response except upon a showing of excusable neglect.[46]  Absent a showing of excusable neglect, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[47]  Because the plaintiff has failed to respond to the defendants' motions to dismiss and

---

[44](Doc. 23.)

[45]D. Kan. R. 56.1(a).

[46]D. Kan. R. 7.4.

[47]*Id.*

has failed to make a showing of excusable neglect, the Court may grant the motion to dismiss simply based on this failure.  Therefore, as a result of the plaintiff's failure to respond, the Court grants the defendants' motions.  Furthermore, the Court analyzes the plaintiff's claims against the defendants, and concludes that these claims should be dismissed for failure to state a claim under the Rule 12(b)(6) standard.

### 1.     Ellis County Sheriff Department

Ellis County Sheriff Department contends that it is an entity that lacks the capacity to be sued.  The Sheriff's Department's capacity to be sued is governed by Fed. R. Civ. P. 17(b), which provides, in pertinent part, that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . ."[48]  As such, Kansas law governs the defendant's capacity to be sued in these proceedings.

Kansas law recognizes that subordinate government entities, in the absence of statutory authorization, ordinarily do not have the capacity to sue or be sued.[49]  "The statutory authority need not be express, but can be implied."[50]  Because the Kansas legislature has not expressly nor impliedly provided a county sheriff's department with the capacity to sue or be sued, the Court grants the Sheriff's Department's motion to dismiss.[51]

### 2.     Hays Defendants

Defendant Hays Police Department is dismissed for the same reasons discussed with

---

[48]Fed. R. Civ. P. 17(b).

[49]*Lindenman v. Umscheid*, 875 P.2d 964, 977 (Kan. 1994) (citing *Hopkins v. State*, 702 P.2d 311 (1985)).

[50]*Hopkins*, 702 P.2d at 311.

[51]*See Sparks v. Reno County Sheriff's Dept.*, No. 04-3034, 2004 WL 1664007, at *4 (D. Kan. Jan. 26, 2004) (citing cases).

respect to the Ellis County Sheriff Department.  Defendant Koerner is neither identified, mentioned or indirectly referenced in the body of plaintiff's complaints.  Although it has construed plaintiff's pro se pleadings liberally, the Court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[52]  Thus, the Court does not assume or presume that there are facts supporting a claim against this defendant.

The individual Hays defendants argue that they are entitled to qualified immunity from plaintiff's § 1983 claims.  The defense of qualified immunity shields government officials performing discretionary functions from individual liability under § 1983 unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."[53]  Where a qualified immunity defense is asserted in a Rule 12(b)(6) motion, the court must apply a heightened pleading standard, and require the complaint to contain "specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law."[54]

The Tenth Circuit has developed a framework for analyzing claims of qualified immunity: once a defendant pleads qualified immunity, the plaintiff bears the burden of (1) coming forward with sufficient facts to show that the defendant's actions violated a federal constitutional or statutory right and (2) demonstrating that the right violated was clearly

---

[52]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[53]*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[54]*Dill v. City of Edmond*, 155 F.3d 1193,1204 (10th Cir. 1998).

established at the time of the conduct at issue.[55]  "In order to carry [this] burden, the plaintiff

must do more than identify in the abstract a clearly established right and allege that the defendant

has violated it.  Rather, the plaintiff must articulate the clearly established constitutional right

and the defendant's conduct which violated the right with specificity. . . ."[56]  The court must first

determine whether a plaintiff has alleged a deprivation of a constitutional right; only after

determining that plaintiff has alleged a deprivation of a constitutional right, does this court ask

whether the right allegedly violated was clearly established at the time of the conduct at issue.[57]

        In this case, plaintiff fails to state a claim with sufficient specificity to overcome the Hays

defendant's entitlement to a defense of qualified immunity.  Plaintiff has wholly failed to

articulate the clearly established constitutional rights that were violated, and the conduct that

violated those rights.  Merely stating that defendants made her get out of her car, grabbed her,

bound her and told her not to go back to her dogs is not sufficient grounds for an excessive force

claim under § 1983.[58]  Accordingly, the Hays defendants' motion to dismiss is granted.[59]

### 3.        Smith Center Defendants

        Plaintiff alleges two specific charges against these defendants: (1) "Smith Center and

Linneman cover up of possible rape in 2004, and (2) Smith Center, Bortz and Linneman no

violation given to a hit and run driver in 2007.  Although § 1983 allows suits against individual

---

[55]*Baptiste v. J.C. Penney Co.,*147 F.3d 1252, 1255 (10th Cir. 1998) (citing *Clanton v. Cooper,* 129 F.3d 1147, 1153 (10th Cir. 1997); *Albright v. Rodriquez,* 51 F.3d 1531, 1534 (10th Cir. 1995).

[56]*Romero v. Fay,* 45 F.3d 1472, 1475 (10th Cir. 1995) (citations omitted).

[57]*Baptiste,* 147 F.3d at 1255 n. 6 (citing *County of Sacramento v. Lewis,* 523 U.S. 833 (1998)).

[58]*Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007).

[59]The Court does not reach the issue of whether plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P. 37.

state officials who have violated their constitutional rights, that statute rejects the tort principle

of *respondeat superior* and does not subject municipalities to vicarious liability for the acts of

their employees; municipal taxpayers are liable only for the municipality's own misdeeds.[60]

Plaintiff has not alleged any specific misdeeds by the Smith County Police Department, and her

claims against that defendant are dismissed.

Defendants argue that plaintiff's claim regarding the alleged 2004 cover up should be

dismissed because it is barred by the statute of limitations.  An action brought under 42 U.S.C.

§ 1983 is subject to state law on statutes of limitations.  The Tenth Circuit has "concluded as a

matter of federal law that all section 1983 claims should be characterized as actions for injury to

the rights of another."[61]  Under K.S.A. § 60-513(a)(4), a two-year statute of limitations period

applies to actions arising from injury to the rights of another.  An action shall not be deemed to

have accrued until the act giving rise to the cause of action first causes substantial injury, or, if

the fact of injury is not reasonably ascertainable until some time after the initial act.[62]  Here,

plaintiff alleges a cover up for possible rape in 2004.  Although plaintiff does not specify the

circumstances or victim of the rape, the Court will construe plaintiff's complaint as applying to

herself as the victim of the cover up.  Accordingly, plaintiff's alleged injury was reasonably

ascertainable sometime in 2004, giving her until 2006 to file a lawsuit under Kansas's applicable

two-year statute of limitations.  Plaintiff's complaint was not filed until October 2008, years after

---

[60]*Milligan-Hitt v. Bd. of Trustees of Sheridan County Sch. Dist. No. 2*, 523 F.3d 1219, 1223 (10th Cir. 2008).

[61]*Pike v. City of Mission, Kan.*, 731 F.2d 655, 658 (10th Cir. 1984) (citing *Garcia v. Wilson*, 731 F.2d 640, 650-51 (10th Cir. 1984) (en banc), *aff'd*, *Wilson v. Garcia*, 471 U.S. 261 (1985)).

[62]K.S.A. § 60-513(b).

the applicable limitations period had expired, her claim for the alleged action by these defendants in 2004 is now time barred.

In addition, plaintiff's claims for conspiracy under 18 U.S.C. §§ 241 and 371 must be dismissed. Those statutes are criminal statutes and do not create a private right of action.[63]

Defendants also argue that plaintiff's second allegation fails to state a claim. The Court agrees. Plaintiff alleges that defendants Bortz and Linneman failed to give a citation to a driver involved in a hit and run incident, presumably with plaintiff. Plaintiff cites K.S.A. § 8-2106, which deals with the procedure for issuing traffic citations. That statute does not create a private cause of action for damages and plaintiff may not invoke it to impose civil liability of defendants. Moreover, plaintiff's allegations against defendants are simply too vague and unspecific to establish a plausible constitutional violation. This claim is also dismissed.

### C.    State Law Claims

Plaintiff also appears to allege state law claims against the Hays and Smith Center defendants under the Kansas Tort Claims Act.[64] Defendants argue that plaintiff has not complied with the notice requirements under K.S.A. § 12-105b, which requires a person having a claim arising under the Act to file a written notice with the clerk of the governing body of the municipality before filing suit. A federal court "may decline to exercise supplemental jurisdiction over" state law claims where it has "dismissed all claims over which it has original jurisdiction."[65] Where the federal claims are dismissed, a court may dismiss the state law claims

---

[63]*Sipka v. Soet*, 761 F. Supp. 761, 765 (D. Kan. 1991).

[64]K.S.A. § 12-105b.

[65]28 U.S.C. § 1367(c)(3).

15

as well.[66]  But before doing so, a district court should first consider the factors of convenience,

judicial economy, fairness, and comity.[67]  "[I]n the usual case in which all federal-law claims are

eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to

exercise jurisdiction over the remaining state-law claims."[68]  Balancing these four factors, this

Court concludes that the state law claims should be dismissed so that plaintiff may continue her

action in state court.[69]

      **IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for

summary judgment (Doc.23) is denied; defendants' motions to dismiss (Docs. 51, 52, 55) are

GRANTED with respect to plaintiff's federal claims.  The Hays defendants' Supplemental

Motion to Dismiss (Doc. 57) is denied as moot.

      **IT IS FURTHER ORDERED** that the Court declines to exercise supplemental

---

[66]*Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966)).

[67]*Sullivan v. Scoular Grain Co. of Utah*, 930 F.2d 798, 803 (10th Cir. 1991) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

[68]*McWilliams v. Jefferson County*, 463 F.3d 1113, 1118 (10th Cir. 2006) (citing *Cohil*, 484 U.S. 343, 350 n.7 (1988)).

[69]*See Jones v. Intermountain Power Project*, 794 F.2d 546, 549 (10th Cir. 1986) (explaining that pendent state claims should be dismissed when all federal claims are dismissed before trial). The Court also notes that K.S.A. § 60-518, Kansas's saving statute provides:

> If any action be commenced within due time, and the plaintiff fail in such action
> otherwise than upon the merits, and the time limited for the same shall have
> expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his
> or her representatives may commence a new action within six (6) months after
> such failure.

The saving statute affords a plaintiff six months to commence a new action if a previous timely action failed "otherwise than upon the merits."  Examples of such failures include a dismissal without prejudice. *See Rogers v. William, Larson, Voss, Strobel & Estes*, 777 P.2d 836, 839 (Kan. 1989).  If the Kansas saving statute is applicable, the time frame provided therein controls over the 30-day period provided in 28 U.S.C. § 1367(d).

jurisdiction over the remaining state law claims and the state law claims shall be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

      **IT IS FURTHER ORDERED** that defendant's Motion to Strike (Doc. 20), plaintiff's Motion for Issuance of Subpoena (Doc. 31) and defendant's Motion to Stay Case (Doc. 38) are DENIED as moot.

Dated:  June 29, 2009

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       UNITED STATES DISTRICT JUDGE