lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>ELLIS COUNTY SHERIFF )<br>DEPARTMENT, et al., )<br>)<br>Defendants. )<br>) | Case No. 08-4126-JAR |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of plaintiff Marjorie Creamer, *pro se*, to reopen the above-captioned case (Doc. 62), and supplement thereto (Doc. 64). On June 29, 2009, the Court dismissed the above-captioned case for failure to state a claim (Doc. 58). Seven months later, on January 29, 2010, plaintiff made the present motion to reopen this case. The Court will treat plaintiff's motion to reopen the case as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[1] In a motion under Rule 60(b), the movant has the burden to plead and prove justifiable grounds for relief permitted by the rule.[2] Plaintiff has failed to provide the Court with any justifiable grounds for relief or any indication that her claims against defendants

---

[1] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[2] *Id.* at 1445.

have merit. Moreover, plaintiff has failed to provide the Court with any explanation for her lengthy delay in seeking relief from the dismissal of her case. Inexcusable delay in seeking relief is a basis for denying a Rule 60(b) motion.[3]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion to reopen the above-captioned case (Doc. 62) is DENIED.

**IT IS SO ORDERED.**

Dated: February 5, 2010

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE

---

[3]*See White v. Am. Airlines, Inc.*, 915 F. 2d 1414, 1425 (10th Cir. 1990), citing *Security Mut. Casualty Co. v. Century Casualty Co.,* 621 F.2d 1062, 1068 (10th Cir.1980)).